KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Gaylen Clark, | No. CV-24-01863-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Robin Lucius, et al., | |
| Defendants. | |

Self-represented Plaintiff Richard Gaylen Clark has filed a civil rights Complaint pursuant to pursuant to 42 U.S.C. § 1983.  The Court will dismiss this case.

**I.   Improper Venue**

The Court may raise the issue of venue sua sponte when the defendants have not yet filed a responsive pleading and the time for doing so has not yet run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b), 28 U.S.C., provides that a civil action may be brought in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff alleges the events giving rise to his claims occurred in Shreveport and Haughton, Louisiana and he states all of the named Defendants reside in Louisiana. Accordingly, venue is not proper in this District.

**II.     Dismissal**

When venue has been laid in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Whether to dismiss or transfer the case is within the Court's discretion. *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976) (per curiam).

Because Defendants are located in Louisiana, and the events or omissions giving rise to Plaintiff's claims occurred in Louisiana, this action could have been brought in the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. § 98(c). The Court will therefore dismiss this case so that Plaintiff may re-file his claims in the proper district.

**IT IS ORDERED** that the Complaint and this action are dismissed without prejudice pursuant to 28 U.S.C. § 1406(a). The Clerk of Court **s**hall enter judgment of dismissal without prejudice accordingly.

Dated this 9th day of September, 2024.

James A. Teilborg
Senior United States District Judge